UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

BASIL JOHNSON,

Defendant.

05cr865(DLC)

MEMORANDUM OPINION AND ORDER

DENISE COTE, District Judge:

The defendant Basil Johnson was convicted of possession of a firearm in violation of 18 U.S.C. § 922(g) and sentenced on June 30, 2006 principally to 18 months' imprisonment. Johnson did not appeal. On August 5, 2026, Johnson filed a petition for a writ of error coram nobis. For the following reasons, the petition is denied.

Johnson explains in his petition that he was deported from the United States in 2007, following his conviction in this Court in 2006. He challenges his 2006 conviction on two grounds in an apparent effort to gain reentry to this country and be reunited with family members who reside here.

"The writ of error coram nobis is an extraordinary remedy that issues only in extreme cases, and typically is available only when habeas relief is unwarranted because the petitioner is no longer in custody." United States v. Rutigliano, 887 F.3d 98, 108 (2d Cir. 2018) (citation omitted).

> To secure coram nobis relief, a petitioner must show that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ. The burden is a heavy one because a court reviewing a petition for coram nobis relief must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner.

Id. (citation omitted).

"Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations," but "coram nobis relief may be barred by the passage of time." Foont v. United States, 93 F.3d 76, 79 (2d Cir. 1996) (citation omitted). As previewed above, a defendant must demonstrate "sound reasons" for his delay in seeking relief, and "[a] district court considering the timeliness of a petition for a writ of error coram nobis must decide the issue in light of the circumstances of the individual case." Id. at 79-80. Absent adequate "sound reasons," a coram nobis petition may be dismissed as untimely. Id. at 80.

The only reason Johnson offers for his delay in filing this petition is that the alleged constitutional errors were not known to him at the time of his conviction, and that his "exile"

and the "passage of time" hampered his ability to access legal resources. Even assuming these were sound justifications for the decades-long delay in the filing of his petition, Johnson has not shown that his petition has merit.

Johnson first contends that his assigned counsel, who was a member of the Federal Defenders' Office in this district, did not advise him of the immigration consequences that would accompany his conviction. Johnson acknowledges, however, that the district court did so. During his plea allocution on February 10, 2006, the Court inquired of Johnson, who had been placed under oath at the beginning of the proceeding, "Do you understand that this conviction may make it far easier for the government to deport you? Do you understand that?" To which the defendant responded, "Yes, ma'am.". Having been advised of the immigration consequences of a conviction by the Court, Johnson has not shown that this portion of his petition has merit.

Second, Johnson contends that his sentence was based on the Government's false description of his criminal history record. He explains that he pleaded guilty to a criminal charge in Queens County in 1989 but did not return for his sentencing and therefore was never incarcerated on that conviction. The Government's Pimentel letter, however, reflects that Johnson was

convicted in 1992 in a Queens court for attempted criminal possession of a controlled substance and sentenced to two to four years' imprisonment. At his plea allocution, Johnson acknowledged seeing that letter. He made no objection at that time to its accuracy. The Presentence Report contained the same description of the Queens conviction. At sentencing, Johnson's counsel represented that the defendant had received the Report, discussed it with his counsel, and that they had no objection to it. Accordingly, it is hereby

ORDERED that Johnson's motion for a writ of coram norbis is dismissed. The Clerk of the Court is respectfully directed to close this case.

IT IS FURTHER ORDERED that the petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

IT IS FURTHER ORDERED that the Clerk of Court shall close the case. The Clerk of Court shall also mail a copy of this

Opinion and Order to Johnson and note mailing on the docket.

Dated: New York, New York
August 31, 2026

DENISE COTE
United States District Judge